STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 04-1154


MILISSA LAPRAIRIE MORRIS

VERSUS

JIMMY MORRIS


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 193,961-E
HONORABLE BERT DEXTER RYLAND, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.

Amy, J., concurs and assigns reasons.

WRIT DENIED.


Lauren Gay Coleman
Attorney at Law
5615 D Jackson St. Ext. #B
Alexandria, LA 71303
(318) 449-9857
Counsel for: Plaintiff/Applicant
Milissa Laprairie Morris

**James Ogden Middleton, II.**
**Attorney at Law**
**1412 Centre Court, Ste 403**
**Alexandria, LA 71301**
**(318) 443-4377**
**Counsel for: Defendant/Respondent**
**Jimmy Morris**

**SAUNDERS, J.**

This custody dispute comes before us on a writ application. Jimmy Morris seeks amendment of a joint custody decree rendered by a Louisiana court wherein his former spouse was named custodial parent. The children currently reside with their mother and her third husband in Texas. Mr. Morris alleges that the children have been subjected to domestic violence and neglect. The trial court ruled that it had jurisdiction over the matter and Mrs. Adams sought supervisory writs. We find that significant connection, continuing, and emergency jurisdiction all apply and affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

Jimmy Morris and Milissa Morris were married in 1994 and lived in Rapides Parish, where all three of their minor children were born. The couple obtained a judgment of divorce and a joint custody decree from the Ninth Judicial District Court in 1999. Milissa Morris then married Chris Swindler and moved to Texas in December of 2000. Mr. Morris has remarried and remains domiciled in Louisiana. In 2001, Milissa divorced Mr. Swindler and subsequently married Jason Adams.

During a recent visit from his children, Mr. Morris filed a petition to modify the custody agreement between himself and Mrs. Adams claiming that the children asked to live with him and that Mrs. Adams is an unfit mother. Mr. Morris references several incidents that he claims demonstrate the need to modify the custody agreement. Morris claims that the children are victims of domestic violence. He cites one instance where Mrs. Adams summoned the Texas authorities and gave a statement providing that Jason Adams battered her and the children, destroyed several household items in a violent rage, and bashed her windshield with a 2x4. Mrs.

Adams now claims that she lied to the police when giving this statement and that these events never transpired. Mr. Morris also claims that the children were severely injured because they were thrown from the bed of a pickup truck driven by Mrs. Adams when she was involved in an accident. Mrs. Adams was arrested for child endangerment in relation to this accident. On another occasion, Mrs. Adams was taken by a friend to an emergency room in Texas where it was reported that she was kicked, slapped, knocked down, and beaten with a golf club and remote control by Jason Adams, who also threatened to kill her and the children and pulled the phone from the wall so that the police could not be contacted. Mrs. Adams now claims that both her friend and the deputy sheriff falsified these reports. Mr. Morris also claims that, on one trip to pick up his daughters, both Jason and Milissa Adams had been bonded out of jail earlier that day following arrests for disorderly conduct. He further contends that the children are neglected as evidenced by the fact that he has found worms in their stool, a rotten tooth, and repeated lice infestations. Additionally, Mr. Morris alleges that the incidents of domestic violence have so impacted his daughter Kourtney, that she now often hides in fear in a closet even when she is in no apparent danger.

Mrs. Adams filed an exception of lack of jurisdiction in response to Mr. Morris' petition. This exception was denied and Mrs. Adams sought supervisory writs from this court.

**ASSIGNMENT OF ERROR**

1) The trial court erred in denying Mrs. Adams' Exception of Jurisdiction.

**STANDARD OF REVIEW**

When reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 02-0805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*, 03-1380 (La. 9/19/03), 853 So.2d 645.

**DISCUSSION**

The Uniform Child Custody Jurisdiction Act sets forth factors to be considered by courts before assuming jurisdiction over custody disputes. In the instant matter, Mrs. Adams essentially argues that the Ninth Judicial District Court lacks jurisdiction to adjudicate this matter because the children currently live in Texas making it their "home state" pursuant to La.R.S. 13:1702(C). We disagree.

Louisiana courts have jurisdiction to make custody determinations if:

(1)     This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2)     It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3)     The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4) (I) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

La.R.S. 13:1702. While the child's home state may be the preferred forum, the above quoted language does provide for alternative fora. In appropriate circumstances, a Louisiana court may exercise significant connection, continuing, or emergency jurisdiction. All apply here.

This court has recently addressed significant connection jurisdiction in affirming a trial court's exercise of jurisdiction under similar circumstances. *Lindmeier v. Lindmeier*, 03-1392 (La.App. 3 Cir. 3/3/04), 867 So.2d 165, *writ denied*, 04-0877 (La. 4/21/04), 870 So.2d 280. In *Lindmeier*, we gave weight to the fact that the minor child spent a significant amount of her young life in Louisiana before moving to Canada with her father. *Lindmeier*, 867 So.2d 165. We also considered the fact that the vast majority of the child's extended family continued to reside in Louisiana. *Id.*

As in *Lindmeier*, the minor children at issue here spent a significant portion of their lives in Louisiana. Their parents were married in 1994 and divorced in 1999. The children remained in Louisiana throughout this period and did not move to Texas until their mother relocated in 2000. We also note that Kourtney, the oldest of the three children, spent nearly all of the 2001-2002 school year in Alexandria while living with her father. Given these facts, it is apparent that the time spent by the children in Louisiana and Texas is, at a minimum, comparable.

The significant amount of time spent in Louisiana is one example of the connections with this state. Further tipping the jurisdictional scales in favor of Louisiana is the fact that the overwhelming majority of the children's extended family reside in this state. Mrs. Adams is their only relative in Texas, while their father, aunts, uncles, cousins, grandparents and great-grandparents all reside in Louisiana. The presence of this familial network in Louisiana means that the majority of the evidence regarding the "present or future care, protection, training, and personal relationships" of the children is located here. *Lindmeier*, 867 So.2d at 171. By examining this evidence, the Louisiana court would be able to protect the best interests of the minor children, which is of paramount importance in any custody dispute. Accordingly, the significant amount of time spent by the children in Louisiana and the presence of nearly all of their family makes significant connection jurisdiction proper.

While, given our ruling, it is not necessary to invoke the doctrine, continuing jurisdiction also applies to the instant matter. Continuing jurisdiction is available to a "state that render[s] the original custody order, as long as ***it has not relinquished jurisdiction*** and jurisdiction requirements of the UCCJA are met at the time modification is sought." *In re D.R.P.*, 38,200 (La.App. 2 Cir. 12/10/03), 862 So.2d 1073, 1076, citing *Holdsworth v. Holdsworth*, 621 So.2d 71 (La.App. 2 Cir. 1993); *Gay v. Morrison*, 511 So.2d 1173 (La.App. 4 Cir.), *writ denied*, 515 So.2d 1108 (La.1987). We have already determined that the requirements of the UCCJA are satisfied; therefore, the only question would be whether the district court has relinquished jurisdiction. It has not. In fact, after rendering the original decree, the

trial court rendered additional judgments, each at the behest of Mrs. Adams, in this matter in 2001, 2002, and 2003. Accordingly, we believe continuing jurisdiction also makes jurisdiction proper in the instant matter.

Furthermore, emergency jurisdiction applies in this case. Mr. Morris has alleged sufficient facts for the exercise of that jurisdiction. He claims that Mrs. Adams is an alcoholic that has caused significant injury to the children as a result of an accident in which she was driving without a license while under the influence of alcohol. He also claims that the children are neglected in that they have had head lice on several occasions, as well as rotten teeth and worms in their stool. Mr. Morris further claims that the children are victims of domestic abuse and have suffered psychological trauma which will require counseling. He also asserts that the children have told him that they regularly go hungry and are only given water to drink. These allegations are more than sufficient to warrant the exercise of emergency jurisdiction so that their veracity may be evaluated as a basis for modifying the current custody arrangement.

**CONCLUSION**

According to the various grounds for jurisdiction referenced above, the trial court properly found jurisdiction over this dispute. The trial court's denial of Mrs. Adams' exception of lack of jurisdiction is affirmed. Furthermore, given our ruling here, the stay previously entered by this court is unnecessary. That order is vacated and the matter may proceed without further delay. Costs of this proceeding are assessed to Mrs. Adams.

**WRITS DENIED.**

NUMBER CW04-1154

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MILISSA LAPRAIRIE MORRIS

VERSUS

JIMMY MORRIS

AMY, J., concurring.

I concur in the result reached by the majority.  As I find this matter resolved by reference to La.R.S. 13:1702(A)(2), I do not reach the issue of whether jurisdiction exists pursuant to La.R.S. 13:1702(A)(3), that portion of the statute establishing jurisdiction in emergency situations.